■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HERNANDEZ, Appellant.—

On June 1, 1987, defendant, through his counsel, offered to plead guilty to burglary in the first degree and robbery in the first degree in full satisfaction of a 19-count felony murder indictment. The agreement was predicated upon his receiving concurrent indeterminate terms of imprisonment of from 12½ to 25 years on each count. During a full and complete allocution, defendant acknowledged that he was voluntarily waiving his rights to trial by jury or Judge, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses and to remain silent. Thereafter, he openly admitted in detail his participation in the crimes of burglary and robbery in the first degree. However, at sentencing, defendant moved to withdraw his guilty plea, stating that he had not done anything and that the only reason he had pleaded guilty was because he was told that he "had an 85% chance of blowing the trial." The trial court denied the motion, noting that there were extensive negotiations in the case, that there had been a complete allocution and that defendant had a month to decide whether to accept the plea bargain.

Defendant has failed to demonstrate that he should have been allowed to withdraw his guilty plea. Both he and his attorney were accorded ample opportunity to present argu-

ments in support of the motion. Considering the totality of the circumstances herein, there was no error caused by the absence of an evidentiary hearing *(see, People v Tinsley,* 35 NY2d 926). Defendant also contends that his plea allocution was incomplete since the trial court neglected to question him regarding his statement as to the use of cocaine on the night of the crime and the effect that it may have had on his intent to commit the crime. This argument is not preserved as a matter of law, and we decline to reach it. Were we to consider this issue in the interest of justice, we would nonetheless affirm, deeming it to be without merit. The facts surrounding the incident and defendant's detailed recital give no indication that his intent was negated by intoxication. It was clearly proper for the court to accept defendant's plea without further inquiry. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.