■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. COOK, Appellant. [743 NYS2d 756] —Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered February 8, 1999, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and robbery in the third degree (§ 160.05) and further convicting him following a separate bench trial of criminal possession of stolen property in the fifth degree (§ 165.40) and unauthorized use of a motor vehicle in the third degree (§ 165.05 [1]). We conclude that the verdict in each trial is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). We further conclude that defendant was not deprived of effective assistance of counsel as a result of defense counsel's comments with respect to defendant's pro se motions. The record establishes that defense counsel's comments did not affect Supreme Court's determination of the pro se motions (*cf. People v Caple,* 279 AD2d 635, 636, *lv denied* 96 NY2d 798; *People v Nin,* 276 AD2d 350, 351, *lv denied* 96 NY2d 737; *People v Nawabi,* 265 AD2d 156, *lv denied* 94 NY2d 865; *People v Zirpola,* 237 AD2d 967, *lv denied* 90 NY2d 899; *People v Rodriguez,* 189 AD2d 684, 685, *lv denied* 81 NY2d 892). In any event, the court had no obligation to entertain pro se motions made at a time when defendant was represented by counsel (*see People v Rodriguez,* 95 NY2d 497, 501-503).

We further conclude that the in-court identification by the complainant, who was acquainted with defendant and previously had identified him as the perpetrator, was not tainted by the complainant's inadvertent viewing of defendant's being brought into the courtroom in handcuffs (*cf. People v Duuvon,* 77 NY2d 541, 545; *People v Evans,* 291 AD2d 868, 869; *People v Howington,* 284 AD2d 1009, 1009, *lv denied* 97 NY2d 683). We have reviewed defendant's challenge to the severity of the sentence and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.