■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN GUERRERO, Appellant. [762 NYS2d 888] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 6, 2000, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in an indictment with rape in the first degree, robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), and sexual abuse in the first degree, all involving a single victim. He was offered the option of pleading guilty to all of the charges in the indictment in exchange for a promised sentence of 11 years' imprisonment, or in the alternative, pleading guilty to each of the robbery counts in exchange for a promised sentence of 12 years' imprisonment. The second option carried a lengthier prison term in consideration of the fact that the defendant would not be required to register as a sex offender under the New York State Sex Offender Registration Act (hereinafter SORA) (see Correction Law § 168 et seq.).

The defendant elected the second option, pleading guilty to

robbery in the first degree and robbery in the second degree (two counts), and admitted to taking the complainant's watch and hitting the complainant "because she refused to give me the watch." At the conclusion of the plea proceeding, the defendant thanked the court for "the opportunity of pleading guilty to the robbery only," and stated, "It's just what I did."

It is clear from the record that the defendant's plea of guilty was knowing and voluntary (*see People v Toxey,* 86 NY2d 725, 726 [1995]). Any alleged defects in the factual allocution do not constitute grounds for setting aside the plea since "there is no suggestion that the plea of guilty was improvident or baseless" (*People v Winbush,* 199 AD2d 447, 448 [1993]).

We are disturbed that the defendant was permitted to bargain away potential eligibility for registration as a sex offender pursuant to the SORA (*see* Correction Law § 168 *et seq.).* SORA was enacted for the benefit of the public (*see* Mem of Senator Skelos in support of L 1995, ch 192, 1995 NY Legis Ann, at 151-153). Its protections should not be bargained away merely to avoid the time and expense of a trial.

At sentencing, the defense counsel submitted a pro se motion from the defendant seeking to withdraw his plea of guilty based upon conclusory assertions of innocence and a contention that he was pressured into pleading guilty by his attorney. His motion was properly denied without a hearing (*People v Solis,* 302 AD2d 542 [2003]; *see also People v Toxey,* 86 NY2d 725, 726 [1995]; *People v Frederick,* 45 NY2d 520 [1978]; *People v Cook,* 295 AD2d 888 [2002]; *People v Potter,* 294 AD2d 603 [2002]; *People v Caple,* 279 AD2d 635 [2001]).

The defendant received the promised sentence of 12 years' imprisonment on each of the robbery counts, to run concurrently with each other. The defendant specifically waived appellate review of the sentence (*see People v Hidalgo,* 91 NY2d 733 [1998]).

The defendant's remaining allegations of error either are unpreserved for appellate review, without merit, or harmless (*see People v Curry,* 301 AD2d 658 [2003]; *People v Telfair,* 299 AD2d 429 [2002]; *People v Cook, supra; People v Hernandez,* 158 AD2d 324, 325 [1990]; *People v Piro,* 121 AD2d 748, 750 [1986]). Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.