■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE O. THAXTON, JR., Appellant. [765 NYS2d 809] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered February 5, 1999, convicting defendant upon his plea of guilty of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject the contention of defendant that he was deprived of effective assistance of counsel when defense counsel took a position adverse to that of defendant with respect to his pro se oral motion to withdraw his guilty plea. "The record establishes that defense counsel's comments did not affect [County] Court's determination of the pro se motion[ ]" (*People v Cook*, 295 AD2d 888, 888 [2002], *lv denied* 99 NY2d 534 [2002]; *see People v Nawabi*, 265 AD2d 156 [1999], *lv denied* 94 NY2d 865 [1999]). Rather, the court denied the motion "solely on the basis of its own recollection of the record" (*People v Burgos*, 298 AD2d 190, 190 [2002], *lv denied* 99 NY2d 580 [2003]). We agree with defendant that the record does not establish that his waiver of the right to appeal was knowing, voluntary, and intelligent (*see People v Boustani*, 300 AD2d 313 [2002], *lv denied* 99 NY2d 612 [2003]; *People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]), and thus that waiver does not encompass his contention concerning the severity of the sentence. Nevertheless, we reject defendant's contention that the sentence is unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.