■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MOYE, Appellant. [786 NYS2d 772]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered November 6, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). We reject the contention of defendant that he was denied effective assistance of counsel when defense counsel took a position adverse to him with respect to his pro se motion to withdraw the guilty plea. Assuming, arguendo, that defense counsel's statements were adverse to defendant, we conclude that those statements did not influence Supreme Court's determination of the motion (*see People v Thaxton*, 309 AD2d 1255, 1256 [2003], *lv denied* 1 NY3d 581 [2003]; *People v Cook*, 295 AD2d 888 [2002], *lv denied* 99 NY2d 534 [2002]). "Rather, the court denied the motion 'solely on the basis of its own recollection of the record' " (*Thaxton*, 309 AD2d at 1256, quoting *People v Burgos*, 298 AD2d 190, 190 [2002], *lv denied* 99 NY2d 580 [2003]). The knowing, intelligent and voluntary waiver by defendant of his right to appeal encompasses his contention that the sentence is unduly harsh or severe (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.