■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MANRIQUE, Appellant. [867 NYS2d 916]—

Defendant's motion to suppress merchandise recovered from his possession by a store security guard was properly denied without a hearing because he failed to allege facts raising an issue as to state action (*see People v Parris*, 220 AD2d 254 [1995], *lv denied* 87 NY2d 976 [1996]). Unlike the situation in *People v Mendoza* (82 NY2d 415, 433-434 [1993]) and *People v Green* (33 AD3d 452 [2006]), defendant had ample access to information about the guard, including his identity and employment status, which led defendant to subpoena the records of the store's security provider. Accordingly, defendant was required to do more than baldly assert that the security guard was licensed to

exercise police powers or was acting as an agent of law enforcement in order to obtain a hearing. Defendant's allegation that the store worked with the District Attorney's office to institute an anti-shoplifting program did not raise a factual issue as to state action (*see People v Duerr*, 251 AD2d 161 [1998], *lv denied* 92 NY2d 949 [1998]). Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.