■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELICIA SMITH, Appellant. [943 NYS2d 776]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 23, 2011, convicting her of robbery in the first degree as a hate crime (nine counts), robbery in the first degree (two counts), robbery in the second

degree as a hate crime (13 counts), robbery in the second degree (three counts), assault in the second degree, conspiracy in the fourth degree as a hate crime, and conspiracy in the fourth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the plea allocution was factually insufficient to establish the robbery and conspiracy crimes as hate crimes has not been preserved for appellate review (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725 [1995]; *People v Scivolette*, 80 AD3d 630, 631 [2011]; *People v Elcine*, 43 AD3d 1176 [2007]; *People v Swanton*, 27 AD3d 591 [2006]). The narrow exception to the preservation rule, which arises when the defendant's plea recitation of the facts underlying the crime casts significant doubt on the defendant's guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]), is inapplicable in this case. In any event, any alleged defects in the factual allocution do not constitute grounds for setting aside the plea since "there is no suggestion that the plea of guilty was improvident or baseless" (*People v Guerrero*, 307 AD2d 935, 936 [2003] [internal quotation marks omitted]; *see People v Winbush*, 199 AD2d 447, 448 [1993]).

Moreover, under the circumstances of this case, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.