■ The People of the State of New York, Respondent, v Kareem Cates, Appellant. [29 NYS3d 790]—

Judgment, Supreme Court, New York County (Thomas Farber, J., at omnibus motion; Ruth Pickholz, J., at jury trial and sentencing), rendered April 8, 2014, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to suppress merchandise recovered from his possession by a store security guard, because defendant failed to allege facts raising an issue as to state action (*see People v Manrique*, 57 AD3d 265 [1st Dept 2008], *lv denied* 12 NY3d 760 [2009]). Unlike the situation in *People v Mendoza* (82 NY2d 415, 433-434 [1993]), defendant had sufficient access to information about the guard to make specific allegations. The discovery materials included the guard's identity and employment status, and stated with specificity that he was a store detective not acting as an agent of the police. Defendant could have subpoenaed the records of the store or its security provider to ascertain the facts relating to the guard's employment (*People v Manrique*, 57 AD3d at 265). Accordingly, defendant's speculative allegations that the guard appeared to have been trained in police procedures and was acting in furtherance of police objectives did not meet the statutory requirement of sufficient sworn allegations of fact to support the granting of a hearing.

Defendant did not preserve his contention that the court improperly relied on the grand jury minutes in summarily denying his motion (*see People v Bayron*, 119 AD3d 444 [1st Dept 2014], *lv denied* 25 NY3d 987 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that it was permissible for the court to review the minutes "simply to confirm the facts asserted in the People's response" (*id.* at 444). Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.