The People of the State of New York, Respondent,
against
Paul Bosticco, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered September 30, 2013. The judgment convicted defendant, upon his plea of guilty, of petit larceny.




ORDERED that the judgment of conviction is affirmed.
On July 25, 2013, the People charged defendant, in an information, with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), based on a store manager's allegations that he had observed defendant, by a video surveillance camera, place store merchandise under his clothing and depart the store without paying for same, and that he had confronted defendant outside the store and recovered the stolen property. Following two months of plea negotiations and motion practice, defendant pleaded guilty to petit larceny in return for a sentence of 60 days' incarceration and the dismissal of the remaining charge. Defendant was immediately sentenced and raised no objection to the issuance of an order of protection on the manager's behalf. On appeal, defendant argues that the accusatory instrument was facially insufficient, that his plea allocution was defective in the absence of admissions as to the facts of the offense and advisements that an order of protection would issue and a DNA sample would be collected, and that he was denied the effective assistance of counsel.
The gravamen of defendant's challenge to the accusatory instrument is that, because the store manager never stated, in his supporting deposition, that defendant had passed "all final points of sale and exit[ed] the store without paying for [the] merchandise" those facts, asserted in the accusatory instrument by the complainant police officer, remained hearsay. While defendant raised a hearsay claim in a motion to dismiss the accusatory instrument (see People v Casey, 95 NY2d 354, 366-367 [2000]), by pleading guilty, he forfeited the right to challenge the alleged hearsay defect in the accusatory instrument (see People v Keizer, 100 NY2d 114, 122-123 [2003]; People v Hargrove, 47 Misc 3d 136[A], 2015 NY Slip Op 50499[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
"[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime . . . [or] every element of the crime pleaded to' " (People v Goldstein, 12 NY3d 295, 301 [2009], quoting People v Lopez, 71 NY2d 662, 666 n 2 [1988]). "It is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (Goldstein, 12 NY3d at 301; e.g. People v [*2]Colliton, 130 AD3d 642 [2015]; People v Banner, 122 AD3d 641, 642 [2014]; People v Rana, 48 Misc 3d 130[A], 2015 NY Slip Op 51029[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Although the plea allocution in this case was sparse, the summary resolution of the prosecution against defendant was reasonable, given that defendant, observed in the act of theft and detained with the proceeds, had no obvious defense. Following protracted plea negotiations, he was offered a favorable disposition involving a sentence effectively to time served and dismissal of one of the two pending misdemeanors. "[R]epresented by counsel and no novice to the criminal justice system," and clearly understanding "the nature of the charge[] to which he was pleading[,] . . . [defendant] willingly entered his plea to obtain the benefit of the bargain he had struck" (Goldstein, 12 NY3d at 301). The colloquy included defendant's assertions that he understood the nature of the plea agreement as stated by his counsel, that his plea was voluntary, and that he was thereby giving up his "rights" (presumably his trial-related rights, the detailed waiver of which is not essential to a valid plea) (see People v Pellegrino, 26 NY3d 1063, 1063 [2015]). Defendant received the disposition for which he bargained, and " there is no suggestion that the plea of guilty was improvident or baseless' " (People v Smith, 95 AD3d 1040, 1041 [2012], quoting People v Guerrero, 307 AD2d 935, 936 [2003]). 
Defendant's contentions that he was not apprised that an order of protection would issue and that it was improperly issued are not preserved for appellate review, as he did not object thereto at the plea and sentencing proceeding or move to modify its terms (see CPL 470.05 [2]; People v Kumar, 127 AD3d 882, 883 [2015]; People v Sweeney, 106 AD3d 841, 842 [2013]). In any event, the claims are without merit. An order of protection is merely "incident" to a criminal proceeding and represents "an ameliorative measure intended to safeguard the rights of victims and witnesses both prior to and after conviction" (People v Nieves, 2 NY3d 310, 316 [2004]; e.g. People v Vere, 44 AD3d 690, 691-692 [2007]; see generally People v Harnett, 16 NY3d 200 [2011]). An order of protection "may be entered independently of the plea agreement" and requires no advance notice to a pleading defendant (People v Margillo, 69 AD3d 655, 656 [2010]; see also People v Deal, 115 AD3d 975, 976 [2014] [a claim that the trial court "failed to advise (the defendant), at the time of his plea, that it would issue an order of protection . . . (is) without merit"]; People v Lightfoot, 42 Misc 3d 149[A], 2014 NY Slip Op 50406[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] ["An order of protection may be imposed . . . even where a plea agreement contains no provision for such an order (see CPL 530.14 [4])"]; People v Caruso, 39 Misc 3d 137[A], 2014 NY Slip Op 52461[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [same]). Defendant's remedy is to "request relief from the issuing court in the first instance" (Nieves, 2 NY3d at 317; Kumar, 127 AD3d at 883).
Similarly, because the collection of a DNA sample also is not a component of a sentence, a defendant need not be advised in advance of a plea that such a sample would be required (see People v Cooks, 107 AD3d 734, 735 [2013]; Rana, 48 Misc 3d 130[A], 2015 NY Slip Op 51029[U], *1). In sum, defendant, "no novice to the criminal justice system . . . clearly understood the nature of the charge to which he was pleading and willingly entered his plea" (People v Mayhew, 39 Misc 3d 136[A], 2012 NY Slip Op 52459[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), and nothing in the plea and sentencing proceedings "cast significant doubt on his guilt, negate[d] an essential element of the crime, or call[ed] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; People v Rampersaud, 121 AD3d 721, 722 [2014]). Defendant contends that his trial counsel failed to effectively represent him, by hastening the matter to a resolution rather than striving to protect his rights generally, by failing to object to the order of protection, by urging defendant to accept the plea and sentencing offer knowing defendant would be sentenced to 60 days' incarceration without drug treatment, and by withdrawing the "state action" hearing without defendant's consent. However, as defendant made no motion to challenge the quality of trial counsel's representation (see CPL 440.10; People v Rivera, 71 NY2d 705, 709 [1988]), which would permit review of counsel's trial strategy and other matters that are dehors the record (People v Brown, 45 NY2d 852, 853-854 [1978]; People v McNair, 114 AD3d 881 [2014]), we [*3]are "limited to the narrow scope of review permitted by the existing record" (People v Bradley, 48 Misc 3d 46, 50 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see e.g. People v Troche, 81 AD3d 990, 991 [2011]; People v Lopez, 2 AD3d 234 [2003]). The record reveals that, far from improvidently moving the matter to judgment, trial counsel, over a period of more than two months' representation involving several court appearances, repeatedly sought a plea agreement that provided for a lenient sentence for a client who had been caught in the act of stealing store merchandise. Counsel filed a lengthy omnibus motion which sought a variety of forms of relief, including the dismissal of the accusatory instrument, discovery, and hearings to determine, among other things, whether the store property recovered from defendant's person should be suppressed and whether the store manager was a state actor for Fourth Amendment purposes. Counsel ultimately obtained a highly favorable plea and sentence arrangement for defendant who, as noted by the trial court at his arraignment, had a criminal record and had already served multiple terms of incarceration for similar offenses.
Further, although defendant's motion for a "state action" hearing was granted, the reason for counsel's determination to forgo the hearing is a matter dehors the record and, accordingly, whether that decision represents a proper exercise of trial strategy cannot be reviewed on this appeal. In any event, the facts alleged in support of the motion did not establish, if true, a viable issue as to whether the store manager "was licensed to exercise police powers or was acting as an agent of law enforcement" (People v Manrique, 57 AD3d 265, 265-266 [2008]; see generally People v Ray, 65 NY2d 282, 286 [1985] [private conduct may be "so pervaded by government involvement that it loses its character as such"]). "There can be no deprivation of effective assistance of counsel arising from the failure to [pursue] a motion . . . that had little or no chance of success" (People v Moss, 138 AD3d 761,762 [2016]; see People v Ennis, 11 NY3d 403, 415 [2008]; People v Caban, 5 NY3d 143, 152 [2005]).
Finally, as the issuance of the order of protection was a matter of the exercise of the sentencing court's discretion, and absent grounds for an inference that the defendant's rights were thereby arbitrarily compromised or that the order imposes an inordinate burden, it cannot be said that trial counsel's representation was fatally implicated by the failure to contest the order.
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: July 26, 2016