■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LUCKEY, Appellant. [50 NYS3d 368]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 24, 2015, convicting defendant, upon his pleas of guilty, of conspiracy in the second and fourth degrees, criminal possession of a controlled substance in the third degree and grand larceny in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

Defendant's challenges to his plea do not come within the narrow exception to the preservation requirement (*see People v*

*Conceicao*, 26 NY3d 375, 382 [2015]), and we decline to review defendant's unpreserved claims in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. The circumstances of the plea were not coercive (*see People v Fiumefreddo*, 82 NY2d 536, 544 [1993]), notwithstanding the fact that the court warned defendant that the plea offer would be revoked if not accepted immediately, because defendant had already received an extensive opportunity to consider the strength of the People's case and confer with counsel about the advisability of pleading guilty. Furthermore, defendant's factual allocution did not cast doubt on his guilt, the court's recitation of defendant's rights under *Boykin v Alabama* (395 US 238 [1969]) was satisfactory (*see People v Sougou*, 26 NY3d 1052 [2015]), and the sequence in which the court conducted the allocution was permissible (*see People v Gillegbower*, 143 AD3d 479 [1st Dept 2016]).

At sentencing, the court substantially complied with the requirements of CPL 380.50 (*see People v McClain*, 35 NY2d 483, 491-492 [1974], *cert denied sub nom. Taylor v New York*, 423 US 852 [1975]). Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.