The People of the State of New York, Respondent,
against
Icylin Robinson, Appellant.




New York City Legal Aid Society (Ronald Alfano, Esq.), for appellant.
District Attorney Kings County (Leonard Joblove, Joyce Slevin of counsel), for respondent

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered October 14, 2014. The judgment convicted defendant, upon her plea of guilty, of criminal trespass in the second degree.




ORDERED that the judgment of conviction is affirmed.
On September 13, 2014, the People charged defendant, in a felony complaint, with numerous offenses, alleging, among other things, that defendant had twice robbed a resident of her building of cash and credit cards at knife point. On October 14, 2014, after the felony charges had been dismissed on the People's motion, defendant pleaded guilty to criminal trespass in the second degree (Penal Law § 140.15 [1]), the remaining charges were dismissed, and she was sentenced, effectively, to time served. Defendant contends that her plea was invalid because there was no explicit reference to the constitutional trial-related rights forfeited by a guilty plea (see Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, , 365 [2013]), and because she could not have committed a criminal trespass at her own residence, thereby further underscoring the infirmity of the plea. 
As the plea and sentencing occurred in a unitary proceeding, defendant "faced a practical inability to move to withdraw [her] plea[]" (People v Conceicao, 26 NY3d 375, 382 [2015]), which is, generally, a prerequisite to an appellate challenge to the validity of a plea (see id.; CPL [*2]440.10; People v Peque, 22 NY3d 168, 182-183 [2013]; People v Lopez, 71 NY2d 662, 665 [1988]). Therefore, her claims are reviewable on direct appeal (see People v Sougou, 26 NY3d 1052, 1054 [2015]).
Viewed in its totality, the plea was validly entered. As a "constitutional principle" (People v Sougou, 26 NY3d at 1054), a guilty plea must be "entered voluntarily, knowingly and intelligently" (People v Haffiz, 19 NY3d 883, 884 [2012]), and such a plea "encompasses a waiver of the right to trial by jury, the privilege against compulsory self-incrimination, and the right to confront one's accusers" (People v Sougou, 26 NY3d at 1054). However, it is well settled that, while explicit waivers are "preferable" (People v Kiselyov, 52 Misc 3d 140[A], 2016 NY Slip Op 51165[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), "[a] guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin" (People v Pellegrino, 26 NY3d 1063, 1063 [2015]; see also People v Harris, 61 NY2d 9, 19 [1983]; People v Rosa, 135 AD3d 434, 435 [2016]; People v Galarzparedes, 54 Misc 3d 146[A], 2017 NY Slip Op 50316[U], *1 [App Term, 1st Dept 2017]; People v Bediako, 52 Misc 3d 140[A], 2016 NY Slip Op 51163[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Acevedo, 51 Misc 3d 137[A], 2016 NY Slip Op 50573[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]); rather, an appellate court will review " all of the relevant circumstances surrounding [the plea]' " to determine its validity (People v Sougou, 26 NY3d at 1055, quoting People v Harris, 61 NY2d at 19).
Here, although the most serious of the charges had been dismissed prior to the plea, 11 charges remained pending, including multiple class A misdemeanors, when defendant agreed to plead guilty to a single class A misdemeanor in satisfaction of the remaining counts and to be sentenced, effectively, to time served. Such terms are inherently rational, a significant factor in determining a plea's validity (see People v Conceicao, 26 NY3d at 383; People v Harris, 61 NY2d at 16). In the course of her plea, defendant waived formal allocution (e.g. People v Lay, 55 Misc 3d 144[A], 2017 NY Slip Op 50642[U] [App Term, 1st Dept 2017]), and her counsel insisted that she had advised defendant as to the immigration consequences of her plea (see Padilla v Kentucky, 559 US 356 [2010]; People v Hernandez, 22 NY3d 972 [2013]). Defendant stated that she was pleading guilty to criminal trespass in the second degree because she was, in fact, guilty of the offense, and admitted that she had trespassed at 504 Utica Avenue on September 8, 2014. Defendant insisted that she had discussed "the matter" with her counsel (see People v Mero-Lopez, 51 Misc 3d 137[A], 2016 NY Slip Op 50577[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), and, given the multiple court appearances in the month between the date the charges were filed and the date of her guilty plea, defendant had "ample opportunity to consult with counsel with respect to the consequences of a guilty plea as it relates to her trial-related constitutional rights" (People v Acevedo, 51 Misc 3d 137[A], 2016 NY Slip Op 50573[U], *2; see also People v Mero-Lopez, 51 Misc 3d 137[A], 2016 NY Slip Op 50577[U], *1 [same]). The plea was not "inherently coercive" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]), given defendant's insistence that no one had forced her to plead guilty, that no other promises aside from sentencing had been made to induce the plea, and that she had "extensive opportunity to consider the strength of the People's case and confer with counsel about the advisability of pleading guilty" (People v Luckey, 149 AD3d 414, 415 [2017]). Thus, the plea represented "a voluntary and intelligent choice among the alternative courses of action open [*3]to [her]" (North Carolina v Alford, 400 US 25, 31 [1970]). 
Although defendant could not literally have trespassed at 504 Utica Avenue if she resided at that address, the lack of specificity in her allocution in that respect is of little significance. While a factual recitation " is one means of assuring that a plea of guilty is voluntary and intelligent' " (People v Brooks, 54 Misc 3d 137[A], 2017 NY Slip Op 50136[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], quoting People v Winbush, 199 AD2d 447, 448 [1993]), a defendant is not required to recite every element of the crime to which he or she pleads (see People v Lopez, 71 NY2d 662, 666 n 2 [1988]). Courts have "refused to disturb pleas . . . even when there has been absolutely no elicitation of the underlying facts of the crime" (People v Goldstein, 12 NY3d 295, 301 [2009]), and, as a defendant may plead guilty even to a nonexistent offense in satisfaction of an accusatory instrument alleging an offense with a more serious penalty (see People v Martinez, 81 NY2d 810, 812 [1993]), certainly defendant, "to obtain the benefit of the bargain [s]he had struck" (People v Goldstein, 12 NY3d at 301), could properly admit that she trespassed at 504 Utica Avenue, if not more precisely, in the premises within 504 Utica Avenue occupied by the victim as alleged in the accusatory instrument. Thus, it cannot be said that the plea was " improvident or baseless' " (People v Smith, 95 AD3d 1040, 1040 [2012], quoting People v Guerrero, 307 AD2d 935, 936 [2003]; see e.g. People v Bosticco, 52 Misc 3d 140[A], 2016 NY Slip Op 51169[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017