The People of the State of New York, Respondent,
against
Icylin Robinson, Appellant.




New York City Legal Aid Society (Ronald Alfano of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Joyce Slevin of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered March 18, 2016. The judgment convicted defendant, upon her plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with numerous offenses, including menacing in the second degree (Penal Law § 120.14 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), harassment in the second degree (Penal Law § 240.26 [1]), assault in the second degree (Penal Law § 120.05 [3]) and assault in the third degree (Penal Law § 120.00 [1]). The accusatory instrument alleged that defendant had sprayed her roommate in the face with "an unknown substance" and pointed a kitchen knife at the roommate and that, a few hours thereafter, defendant had dug her nails into the hand of a police officer who had arrested her, causing the officer to sustain injuries to the hand. After the felony charge of assault in the second degree was dismissed and a violation charge of disorderly conduct added upon the People's motion made pursuant to a "disposition" between them and defendant, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20) and was sentenced, in the same proceeding, to 10 days in prison. On appeal, defendant contends that her guilty plea was not voluntarily, knowingly and intelligently entered because the Criminal Court failed to ascertain that defendant understood the nature of the charges against her and failed to inquire whether [*2]defendant was in fact guilty of any offense. 
Initially, we note that defendant's claim that her guilty plea was invalid is reviewable on direct appeal despite the fact that she did not move to withdraw her plea or vacate the judgment of conviction, as defendant, having pleaded guilty and been sentenced in the same proceeding, "faced a practical inability to move to withdraw [her] plea[]" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Whidbee, 56 Misc 3d 130[A], 2017 NY Slip Op 50859[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Brooks, 54 Misc 3d 137[A], 2017 NY Slip Op 50136[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Trial courts "need not engage in any particular litany" when allocuting a defendant (People v Conceicao, 26 NY3d at 382; see People v Tyrell, 22 NY3d 359, 365 [2013]). Instead, "a flexible rule that considers all of the relevant circumstances surrounding a plea" must be applied in reviewing the validity of a guilty plea (People v Conceicao, 26 NY3d at 382 [internal quotation marks and citation omitted]; see People v Sougou, 26 NY3d at 1055; People v Harris, 61 NY2d 9, 19 [1983]), and a guilty plea will be upheld "[s]o long as the record as a whole affirmatively disclose[s] that a defendant who pleaded guilty entered his [or her] plea understandingly and voluntarily" (People v Conceicao, 26 NY3d at 383 [internal quotation marks and citation omitted]; see People v Harris, 61 NY2d at 19).
Here, defendant was initially charged with numerous offenses, including a felony and multiple class A misdemeanors. At the plea proceeding, held four days after her arraignment, defendant was represented by active and able counsel and accepted a very favorable plea by agreeing to plead guilty to a single violation charge in satisfaction of all of the outstanding charges. Defendant confirmed that no one had forced her to plead guilty. 
Contrary to defendant's contention, the Criminal Court was not required to elicit from her specific admissions as to each element of the offense to which she pleaded guilty. Courts "have refused to disturb pleas . . . even when there has been absolutely no elicitation of the underlying facts of the [offense]" (People v Goldstein, 12 NY3d 295, 301 [2009]) and have upheld guilty pleas to nonexistent offenses (see e.g. People v Francis, 38 NY2d 150, 155-156 [1975]; People v Foster, 19 NY2d 150, 152-154 [1967]). "[A] plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if there is no suggestion that the plea of guilty was improvident or baseless" (People v Winbush, 199 AD2d 447, 448 [1993]; see People v Smith, 95 AD3d 1040, 1041 [2012]; People v Guerrero, 307 AD2d 935, 936 [2003]; People v Richardson, 114 AD2d 980, 980 [1985]). Here, there is no indication that defendant's guilty plea was improvident or baseless.
Nor was the Criminal Court required to conduct a further inquiry to ensure that defendant understood the nature of the charges, as the plea colloquy did not negate an essential element of the pleaded-to offense (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Ollman, 147 AD3d 1452, 1453 [2017]; compare People v Beasley, 25 NY2d 483, 488 [1969]). In any event, we find that the record demonstrates that defendant, who was "represented by counsel and no novice to the criminal justice system, clearly understood the nature of the charge[] to which [s]he was pleading and willingly entered h[er] plea to obtain the benefit of the bargain [s]he had struck" (People v Goldstein, 12 NY3d at 301; see People v Lee, 272 AD2d 785, 785 [2000]; People v Philbert, 55 Misc 3d 152[A], 2017 NY Slip Op 50786[U] [App Term, 1st Dept 2017]; [*3]People v Bosticco, 52 Misc 3d 140[A], 2016 NY Slip Op 51169[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Reviewing the record as a whole (see People v Sougou, 26 NY3d at 1055), we find that it demonstrates that defendant entered her plea of guilty knowingly, voluntarily and intelligently (see People v Alvarez, 52 Misc 3d 140[A], 2016 NY Slip Op 51167[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Ortega, 51 Misc 3d 138[A], 2016 NY Slip Op 50588[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 05, 2018