People v Robertson (2018 NY Slip Op 08363)





People v Robertson


2018 NY Slip Op 08363


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7829 3679/15

[*1]The People of the State of New York, Respondent,
v
Michael Robertson, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Susan Epstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered January 21, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.
The court properly denied defendant's suppression motion, without granting a hearing, regarding items recovered by a department store security guard. Defendant failed to allege facts supporting a finding that the store employee was a state actor (see People v Cates, 139 AD3d 455 [1st Dept 2016]; People v Manrique, 57 AD3d 265 [1st Dept 2008], lv denied 12 NY3d 760 [2009]), and the People responded that the store employee was merely a private security guard. In the felony complaint and voluntary disclosure form, the People disclosed sufficient information about the guard, including his specific job title ("loss prevention associate"), the name and location of the store, and the precise date and hour at which the guard encountered defendant, to have enabled defendant to subpoena records and ascertain the guard's status (see Cates, 139 AD3d at 456; Manrique, 57 AD3d at 265). Instead, defendant did not even attempt to ascertain whether the store employed anyone with any kind of official police status.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK