People v Hall (2019 NY Slip Op 00074)





People v Hall


2019 NY Slip Op 00074


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


2606/16

[*1]8042 The People of the State of New York, Respondent,
v
Shardell Hall, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jeffrey A. Wojcik of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered May 2, 2017, convicting defendant, upon his plea of guilty, of conspiracy in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
Defendant's challenges to the validity of his plea do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. The circumstances of the plea were not coercive (see People v Luckey, 149 AD3d 414 [1st Dept 2017], lv denied 29 NY3d 1082 [2017]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's advice to defendant. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; Strickland v Washington, 466 US 668 [1984]). Defendant made a valid waiver of his right to appeal, which forecloses review of his excessive sentence claim (see People v Bryant, 28 NY3d 1094 [2016]). The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty. Furthermore, the oral colloquy was supplemented by a detailed written waiver.
Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK