People v Wilson (2019 NY Slip Op 03452)





People v Wilson


2019 NY Slip Op 03452


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


4902/13 9211 9212 

[*1] The People of the State of New York, Respondent,
v
John Wilson, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Alan S. Axelrod of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 27, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of 12 years, unanimously affirmed.
The court correctly denied, on the ground of lack of standing as well as on the merits, defendant's motion to controvert two search warrants. Defense counsel's equivocal, vague and conclusory statements that defendant had standing to challenge the searches of two separate locations based upon information and belief that defendant resided in both of those premises failed to allege facts sufficient to demonstrate a reasonable expectation of privacy in either place (see CPL 710.60[1]; People v Holder, 149 AD2d 325, 326 [1st Dept 1989], lv denied 74 NY2d 794 [1989]). Based on, among other things, our review of sealed materials, we also find that the warrants were based on probable cause.
Defendant's claim that his guilty plea was rendered involuntary by the court's allegedly coercive remarks and inaccurate description of the sentencing exposure is unpreserved (see People v Ali, 96 NY2d 840 [2001]; see also People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court made remarks that should have been avoided, but that the record as a whole, including the fact that defendant had already received an extensive opportunity to consider the plea offer and confer with counsel, establishes the voluntariness of the plea (see People v Luckey, 149 AD3d 414, 415 [1st Dept 2017], lv denied 29 NY3d 1082 [2017]).
Defendant was properly adjudicated a second felony drug offender. The record established the necessary sequentiality of convictions, and defendant's argument to the contrary rests on a typographical error in the predicate felony offender statement as to the date of the predicate conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK