People v Sneed (2021 NY Slip Op 05095)





People v Sneed


2021 NY Slip Op 05095


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Judith Gische Barbara R. Kapnick Tanya R. Kennedy Martin Shulman


Ind No. 2073/17 Appeal No. 14269 Case No. 2019-3586 

[*1]People of the State of New York, Respondent,
v
Jamir Sneed, Defendant-Appellant.



Defendant appeals from the judgment of Supreme Court, New York County (Gregory Carro, J.), rendered December 6, 2017, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and imposing sentence.




Janet E. Sabel, The Legal Aid Society, New York (Naila S. Siddiqui of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



RENWICK, J.P., 


For the reasons that follow, we conclude that defendant is entitled to a hearing on the factual issue of whether or not the store security guard involved in his detention was licensed to exercise police powers, or acting as an agent of the police. Contrary to the People's contention, at the time of his initial motion, defendant did not have access to any information that could have aided him in further investigating the security guard's licensing status.
Under People v Mendoza (82 NY2d 415, 425, 433—434 [1993]), defendant is entitled to a hearing on the purely factual issue of whether or not the security guard involved in his detention was licensed to exercise police powers, or acting as an agent of the police. We find no meaningful distinction between the motion record in this case, and that which led the Mendoza court to grant the defendant this type of hearing (see also People v Flanders, 187 AD3d 483 [1st Dept 2020] [finding no meaningful distinction between the record before the court and the record in Mendoza]; People v Green, 33 AD3d 452 [1st Dept 2006], lv denied 9 NY3d 923 [2007] [same]).
In an attempt to distinguish this case from Mendoza, the People argue that, at the time defendant filed his initial motion papers, he had access to information that would have permitted him to investigate the security guard's private employment status and therefore make more specific factual allegations. Specifically, they claim that based on the information provided in the felony complaint and the VDF, defendant was in a position to subpoena the employment records and ascertain whether the security guard actually was a state actor. However, the felony complaint provided no information regarding defendant's arrest, and the VDF simply indicated that the arrest took place on "May 27, 2027," at "9:04 PM," "Inside Bergdorf Goodman at 754 Fifth Avenue." The individual who allegedly recovered the stolen material from defendant's handbag was neither identified by name nor as an employee of Bergdorf.
This information could not have helped defendant further investigate whether the security guard was a private or state actor status. Unlike the cases cited by the People, neither the felony complaint nor the VDF provided any specific identifying information about the guard, so as to enable defendant to subpoena records that would enable him to ascertain her status (cf. People v Robertson, 167 AD3d 451, 451 [1st Dept 2018] ["In the felony complaint and voluntary disclosure form, the People disclosed sufficient information about [*2]the guard, including his specific job title ("loss prevention associate"), the name and location of the store, and the precise date and hour at which the guard encountered defendant, to have enabled defendant to subpoena records and ascertain the guard's status"], lv denied 33 NY3d 953 [2019]; People v Cates, 139 AD3d 455, 456 [1st Dept 2016] ["The discovery materials included the guard's identity and employment status, and stated with specificity that he was a store detective not acting as an agent of the police. Defendant could have subpoenaed the records of the store or its security provider to ascertain the facts relating to the guard's employment"]; People v Manrique, 57 AD3d 265, 265-266 [1st Dept 2008] ["defendant had ample access to information about the guard, including his identity and employment status, which led defendant to subpoena the records of the store's security provider"], lv denied 12 NY3d 760 [2009]). Rather, the felony complaint and VDF here provided only the date, time and location of the incident leading to the charges, which defendant already knew, and which could not have helped him zero in on what to subpoena.
Accordingly, the appeal from the judgment of Supreme Court, New York County (Gregory Carro, J.), rendered December 6, 2017, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him to a period of five years' probation, should be held in abeyance, and the matter remanded for a hearing in accordance with this decision.
Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 6, 2017, held in abeyance, and the matter remanded for a hearing in accordance with this decision.
Opinion by Renwick, J.P., All concur.
Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021