People v Brown (2021 NY Slip Op 05638)





People v Brown


2021 NY Slip Op 05638


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Ind No. 48/18 Appeal No. 14369 Case No. 2019-2073 

[*1]The People of the State of New York, Respondent,
v
Elisah Brown, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered November 27, 2018, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and conspiracy in the second degree, and sentencing him to
an aggregate term of 10 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, including a youthful offender determination, and otherwise affirmed.
Defendant's challenges to the voluntariness of his plea do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. The court and prosecutor's accurate description of defendant's sentencing exposure (see e.g. People v Pagan, 297 AD2d 582 [1st Dept 2002], lv denied 99 NY2d 562 [2002]), and the court's warning that the plea offer would expire (see e.g. People v Luckey, 149 AD3d 414 [1st Dept 2017], lv denied 29 NY3d 1082 [2017]), were not coercive under the circumstances.
The People concede that defendant is entitled to be resentenced with an express youthful offender determination (see People v Rudolph, 21 NY3d 497 [2013]). Defendant's remaining arguments are rendered academic by this disposition, or are without merit.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021