People v Moore (2022 NY Slip Op 05610)

People v Moore

2022 NY Slip Op 05610

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Ind No. 50/17 183/17 Appeal No. 16366-16366A Case No. 2019-4197 2019-4204 

[*1]The People of the State of New York, Respondent,
v
Eugene Moore, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgments, Supreme Court, New York County (Gregory Carro, J. at omnibus motion; Juan M. Merchan, J. at plea and sentencing), rendered April 19, 2019, convicting defendant, upon his pleas of guilty, of burglary in the second and third degrees, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression and excessive sentence claims. The court's oral colloquy avoided conflating the right to appeal with the rights normally forfeited upon a guilty plea. The record of the plea proceeding, taken together with a detailed written waiver that defendant reviewed with his counsel, and that fully explained the appellate rights defendant was giving up, established that the waiver was knowing, intelligent and voluntary (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]).
In any event, the motion court correctly denied defendant's request for a hearing as to whether a store security guard was a state actor, because defendant's conclusory factual allegations were insufficient to warrant such a hearing in light of the information provided to him in the felony complaint and the voluntary disclosure form (see People v Robertson, 167 AD3d 451 [1st Dept 2018], lv denied 33 NY3d 953 [2019]; People v Cates, 139 AD3d 455 [1st Dept 2016]).
We perceive no basis for reducing defendant's five-year period of postrelease supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022