People v Boateng (2022 NY Slip Op 05614)

People v Boateng

2022 NY Slip Op 05614

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Ind No. 4397/15, 1418/16 Appeal No. 16332-16332A Case No. 2017-1041 

[*1]The People of the State of New York, Respondent,
v
Jeffrey Boateng, Also Known as Jeffery Boateng, Defendant-Appellant. 

Justine M. Luongo, The Legal Aid Society, New York (Angie Louie of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgments, Supreme Court, New York County (James M. Burke, J.), rendered August 17, 2016, convicting defendant, upon his pleas of guilty, of criminal contempt in the first degree, aggravated family offense, and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
Defendant's challenges to his convictions of criminal contempt and aggravated family offense do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375 [2015]; People v Lopez, 71 NY2d 662, 666-668 [1988]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal, because the Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [2005]).
With regard to the grand larceny conviction, defendant's motion to suppress evidence recovered by a store security guard was properly denied without a hearing, because defendant "failed to allege facts supporting a finding that the store employee was a state actor" (People v Robertson, 167 AD3d 451, 451 [1st Dept 2018], lv denied 33 NY3d 953 [2019]); see also People v Cates, 139 AD3d 455 [1st Dept 2016]; People v Manrique, 57 AD3d 265, 265-266 [1st Dept 2008], lv denied 12 NY3d 760 [2009]). The felony complaint and voluntary disclosure form "disclosed sufficient information about the guard," including his name, the "name and location of the store, and the precise date and hour at which the guard encountered defendant, to have enabled defendant to subpoena records and ascertain the guard's status" (Robertson, 167 AD3d at 451).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022