People v Rochester (2025 NY Slip Op 01720)

People v Rochester

2025 NY Slip Op 01720

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Ind No. 01473/14|Appeal No. 3954|Case No. 2017-529|

[*1]The People of the State of New York, Respondent,
v
Marquise Rochester, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered December 22, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and criminal possession of a firearm, and sentencing him to concurrent terms of two years, and 1 1/3 to 4 years, respectively, unanimously affirmed.
Defendant did not validly waive his right to appeal. The court conducted no review of the rights defendant was giving up by waiving his right to appeal, and thus did not establish that defendant had a "full appreciation of the consequences" of the waiver, even considering the written waiver, which itself was faulty (People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020] [internal quotation marks omitted]). Nor did the court advise defendant that the right to appeal is separate and distinct from the trial rights defendant was waiving by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]), or that a waiver of the right to appeal is "not an absolute bar to direct appeal and that some issues are nonwaivable" (People v Cisse, 228 AD3d 440, 441 [1st Dept 2024]).
Defendant's challenges to his plea do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review defendant's unpreserved claims in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. The circumstances of the plea were not coercive (see People v Fiumefreddo, 82 NY2d 536, 544 [1993]; People v Luckey, 149 AD3d 414 [1st Dept 2017], lv denied 29 NY3d 1082 [2017]), despite the People's representation that the plea offer would be revoked if not accepted at that time. Defendant had several prior adjournments and thus had numerous opportunities to consider the offer, the strength of the People's case, and to confer with counsel. In addition, the court also advised defendant that he did not have to accept the plea and to take additional time to consider it.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025