■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. KRISSICK, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 26, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's claim that the photographic array viewed by the witness was unduly suggestive is without merit. It is well settled that "great weight must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761), and that determination that the identification should not be disturbed where it is supported by the record" *(People v Gee,* 104 AD2d 561). In the instant case the hearing court's determination procedure was not unduly suggestive was clearly supported by the record.

Further, a court's identification charge is sufficient if, after hearing the instruction, the jury "would gather from its language the correct rules which should be applied in arriving

at its decision" *(People v Gardner,* 59 AD2d 913). A review of the charge in the case at bar reveals that instructions sufficient to assist the jury in an accurate evaluation of the identification evidence were given. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.