■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MAZZILLI, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 9, 1985, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court, dated December 13, 1985, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction and the sentence imposed thereon.

Ordered that the judgment and order are affirmed.

The indictment charged the defendant with the crimes of murder in the second degree (two counts) and attempted murder in the second degree. The charges stemmed from the defendant's stabbing of a youth during the course of a brawl. In the midst of a *Mapp-Huntley* hearing the defendant was afforded a one-week adjournment to consult with his attorney and consider a plea offer made by the People. The defendant subsequently elected to plead guilty to one count of manslaughter in the first degree in full satisfaction of the indictment. During the plea proceeding the defendant explained that during the course of the brawl he was assaulted, as a result of which he returned to his automobile to get his knife from the glove compartment. When he turned around, he was surrounded by several youths. He told them to leave him alone, that he did not want to be hit anymore. Then, while standing with the open knife clenched in his right hand, the defendant, out of the corner of his left eye, noticed someone approaching him whom he believed was about to jump on him. The defendant turned with the knife and stabbed him. The victim subsequently died as a result of a stab wound to the chest.

On appeal, the defendant maintains that his plea allocution was legally insufficient because there was no evidence that he intended to seriously injure the deceased, and because the court failed to adequately insure that the defendant was knowingly forfeiting his right to present a justification defense. These contentions are meritless.

In pleading guilty to a lesser included offense the defendant forfeited his right to challenge the factual basis for his plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Foster,* 19 NY2d 150; *People v Griffin,* 7 NY2d 511, 515). Moreover, we

note that intent can readily be inferred from the defendant's recitation of the facts. Furthermore, the court took extensive precautions to insure that the defendant was fully aware of what he was doing. The defendant was given a one-week adjournment to consult with his attorney before deciding upon the People's plea offer. At the plea proceeding he was specifically asked if he and his attorney had considered the availability of a justification defense. The defendant agreed that they had discussed such a defense but concluded that it would not prove successful, and that he believed it was in his best interest to plead guilty. Under these circumstances, there is no basis for concluding that the defendant's plea was anything but knowingly and intelligently entered *(see, People v Serrano, 15 NY2d 304)*.

Additionally, the trial court did not abuse its discretion in denying the defendant's motion to vacate his conviction without a hearing, as mere conclusory allegations of prosecutorial misconduct are not sufficient to raise a triable issue of fact *(see, People v Brown,* 56 NY2d 242, 247). In light of the defendant's past history and the heinous nature of his acts, we decline to disturb the sentence imposed by the court. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.