■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ELLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 20, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review the issue of the sufficiency of his plea allocution *(see, People v Pellegrino,* 60 NY2d 636) and, in any event, reversal in the interest of justice is not warranted because the defendant's plea was knowingly, voluntarily and intelligently made *(see, People v Harris,* 61 NY2d 9; *People v Mazzilli,* 125 AD2d 602). Mollen, P. J., Bracken, Lawrence and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FALLEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered October 2, 1984, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Sufficient evidence was adduced at the defendant's *Wade* hearing for the suppression court to determine that the identification procedure was not impermissibly suggestive and that there was an independent source for the identifying witness's identification testimony. According the weight that we must to the findings of the hearing court, we decline to disturb its determination *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Krissick,* 125 AD2d 415).

At trial, the evidence of the defendant's guilt was substantial, and clearly proved his guilt beyond a reasonable doubt. We find no error in the court's rulings with respect to the alibi-related witnesses, and conclude that references to possible involvement by the defendant in other criminal activity, while error, were harmless under the circumstances of this case. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.