■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WINBUSH, Appellant. [605 NYS2d 385] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Miller, J.), both rendered January 23, 1991, convicting him of burglary in the third degree under Indictment No. 4970/90, upon a jury verdict, and convicting him of burglary in the third degree under Indictment No. 2331/90, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 4970/90, brings up for review the denial, after a hearing (Slavin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The defendant contends that the jury verdict convicting him of burglary in the third degree was not based upon proof beyond a reasonable doubt. Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. A police officer saw the defendant leave a building with cartons which, it later turned out, contained anti-freeze. The lessee of the building testified that the anti-freeze came from the building, and that the defendant did not have permission to enter the building or to remove any property. Although the officer's testimony that he first saw the defendant when the defendant exited the building was contradicted by statements in a felony complaint filed in the Criminal Court, resolution of issues of credibility is primarily for the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

With respect to Indictment No. 2331/90, the defendant contends that the judgment should be vacated because the factual allocution did not make out the elements of burglary in the third degree. We disagree. It is settled law that while a factual basis inquiry is one means of assuring that a plea of guilty is voluntary and intelligent, it is not a constitutional requirement *(see, People v Nance,* 110 AD2d 857; *Willbright v Smith,* 745 F2d 779). Thus, a plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if there is no suggestion that the plea of guilty was improvident or baseless *(see, People v Richardson,* 114 AD2d 980; *People v Perkins,* 89 AD2d 956; *see also, People v Lowe,* 149 AD2d 939). We find no indication that the defendant's plea of guilty was improvident or baseless.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.