*17 OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered March 1, 2009, affirmed.
Since defendant did not move to withdraw his guilty plea, and since this case does not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662 [1988]), his challenges to the validity of the plea are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Defendant’s counseled guilty plea to one count of fifth-degree criminal possession of marihuana — with the understanding that he would be sentenced to time served and in full satisfaction of an information whose top count was a fourth-degree criminal sale of marihuana charge potentially punishable by a one-year jail sentence — was knowing, intelligent and voluntary. Further, a plea of guilty will be sustained in the absence of a factual allocution where, as here, there is no indication that the guilty plea assented to by the defendant in the presence of counsel was improvident or baseless (see People v Fooks, 21 NY2d 338, 350 [1967] [decided with People v Nixon]; People v Winbush, 199 AD2d 447, 448 [1993]; People v Moore, 91 AD2d 1050 [1983]). Granted, the better practice is for the plea court to ensure that some elicitation of the underlying facts of the crime pleaded to appears on the record. However, the Court of Appeals has “repeatedly steered clear of ‘a uniform mandatory catechism of pleading defendants’ in favor of ‘broad discretions controlled by flexible standards’ ” (People v Alexander, 19 NY3d 203, 219 [2012], quoting People v Nixon, 21 NY2d at 353-354), and has made clear that it will uphold plea agreements accepted without the benefit of a factual allocution where the record shows that the defendant “understood the charges and made an intelligent decision to enter a plea” (People v Goldstein, 12 NY3d 295, 301 [2009], citing People v Fooks, 21 NY2d at 350). As was the case in Goldstein, the defendant at bar, “represented by counsel and no novice to the criminal justice system, clearly understood the nature of the charges to which he was pleading and willingly entered his plea to obtain the benefit of the bargain he had struck” (Goldstein at 301).
Defendant, through counsel, validly waived the right to be prosecuted upon an information by expressly waiving the reading of such right (see People v Connor, 63 NY2d 11, 14 [1984]; cf. People v Casey, 95 NY2d 354, 359 [2000]).
*18 Shulman, J.E, Hunter, Jr., and Torres, JJ, concur.