Appeal by the defendant from (1) a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered January 26, 2011, convicting him of manslaughter in the first degree under Indictment No. 1338/09, upon his plea of guilty, and sentencing him to a determinate term of 25 years imprisonment plus a five-year period of postrelease supervision, and (2) an amended judgment of the same court, also rendered January 26, 2011, revoking a sentence of probation previously imposed by the Supreme Court, Kings County (Mangano, Jr., J.), upon a finding that he had *750 violated a condition thereof, upon his admission, and imposing sentence upon his previous conviction of robbery in the second degree under indictment No. 8004/09.
Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 25 years plus a five-year period of postrelease supervision to a determinate term of imprisonment of 20 years plus a five-year period of postrelease supervision; as so modified, the judgment is affirmed; and it is further,
Ordered that the amended judgment is affirmed.
The defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Callahan, 80 NY2d 273, 283 [1992]; cf. People v Ramos, 7 NY3d 737 [2006]; People v Seaberg, 74 NY2d 1, 11 [1989]).
The defendant failed to preserve for appellate review his challenge to the validity of his plea of guilty since he failed to move to withdraw his plea prior to sentencing (see CPL 470.05 [2]; People v Toxey, 86 NY2d 725 [1995]; People v McCallum, 84 AD3d 1117 [2011]; People v Ingram, 80 AD3d 713 [2011]; People v Rojas, 74 AD3d 1369 [2010]; People v Colston, 68 AD3d 1130 [2009]). Moreover, the rare exception to the preservation requirement is inapplicable (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Scivolette, 80 AD3d 630, 631 [2011]). In any event, any defect in the factual allocution did not render the plea unknowing, involuntary, improvident, or baseless (see People v Seeber, 4 NY3d 780, 781 [2005]; People v Johnson, 73 AD3d 951 [2010]; People v Guerrero, 307 AD2d 935, 936 [2003]; People v Winbush, 199 AD2d 447, 448 [1993]). Moreover, because the defendant pleaded guilty to a lesser crime than the crimes charged in the indictment and since the allocution establishes that the defendant understood the charges against him, a factual basis for the plea was unnecessary (see People v Moore, 71 NY2d 1002, 1006 [1988]; People v Clairborne, 29 NY2d 950 [1972]; People v Mayo, 77 AD3d 683 [2010]; People v Billings, 60 AD3d 961 [2009]; People v Richardson, 50 AD3d 704 [2008]).
The Supreme Court erred in imposing a sentence of imprisonment of 25 years upon the defendant’s conviction of manslaughter in the first degree, which was five years more than the 20-year term of imprisonment promised at the plea proceeding, without first giving the defendant an opportunity to withdraw his plea (see People v Muhammad, 47 AD3d 951 [2008]). Under the circumstances of this case, including the People’s consent to a modification of the sentence by reducing the term of imprison *751 ment from 25 years to 20 years, we reduce the sentence imposed to conform with the plea agreement.
The defendant’s remaining contention is without merit. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.