Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered June 5, 2012, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v *732 Phillip B., 111 AD3d 649 [2d Dept 2013]; People v Gaines, 110 AD3d 1099 [2013]; People v Antoine, 59 AD3d 560 [2009]; People v Castillo-Cordero, 54 AD3d 1054 [2008]; People v Bevins, 27 AD3d 572 [2006]; People v Martin, 7 AD3d 640 [2004]). In any event, contrary to the defendant’s contention, the record establishes that the defendant’s plea of guilty was voluntarily, intelligently, and knowingly entered (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Callahan, 80 NY2d 273, 283 [1992]; People v Moissett, 76 NY2d 909, 910-911 [1990]; People v Harris, 61 NY2d 9, 16 [1983]; People v Nixon, 21 NY2d 338 [1967]).
In addition, by failing to challenge the sufficiency of his factual allocution before the County Court, the defendant has not preserved this issue for appellate review (see People v Crespo, 153 AD2d 573 [1989]; People v Caban, 131 AD2d 863 [1987]). In any event, “because the defendant pleaded guilty to a lesser crime than the crimes charged in the indictment and since the allocution establishes that the defendant understood the charges against him, a factual basis for the plea was unnecessary” (People v McKenzie, 98 AD3d 749, 750 [2012]; see People v Martin, 239 AD2d 436 [1997]). Mastro, J.E, Balkin, Sgroi and Hinds-Radix, JJ., concur.