■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL SANCHEZ, Appellant. [994 NYS2d 427]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered June 20, 2012, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent because the allocution was factually insufficient is unpreserved for appellate review, since he did not move to withdraw his plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Fisher*, 119 AD3d 813 [2014]). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d at 666; *People v McClinton*, 118 AD3d 915 [2014]). In any

event, nothing in the record of the plea allocution called into question the voluntary, knowing, and intelligent nature of the defendant's plea (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v McKenzie*, 98 AD3d 749, 750 [2012]; *People v Johnson*, 73 AD3d 951 [2010]; *People v Winbush*, 199 AD2d 447, 448 [1993]). Furthermore, because the defendant pleaded guilty to a lesser crime than the felony charged in the indictment, and since the allocution establishes that the defendant understood the charges against him, a factual basis for the plea was unnecessary (*see People v Ballard*, 112 AD3d 731, 732 [2013]; *People v McKenzie*, 98 AD3d at 750).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.