■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JOHNSON, Appellant. [23 NYS3d 577]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered November 20, 2013, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the Supreme Court did not tell the defendant that he ordinarily would retain his right to appeal after a guilty plea. Instead, the court told the defendant that he was required to waive his right to appeal. Inasmuch as the record does not establish that the defendant voluntarily waived his right to appeal, the waiver is not enforceable (*see People v Pelaez*, 100 AD3d 803, 803 [2012]).

The hearing court correctly declined to suppress physical evidence and the defendant's statements to law enforcement officials. The credible evidence at the suppression hearing established that the police had probable cause to arrest the defendant (*see People v Williams*, 127 AD3d 1114, 1115-1116 [2015]).

The defendant's contention regarding the sufficiency of the factual allocution at the plea proceeding is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Sanchez*, 122 AD3d 646, 646 [2014]) and, in any event, without merit (*see People v Sanchez*, 122 AD3d at 647; *People v Ballard*, 112 AD3d 731, 732 [2013]).

The defendant's challenge to the procedure used to sentence him as a second felony offender also is unpreserved for appellate review and, in any event, without merit (*see People v Evans*, 121 AD3d 1012, 1012-1013 [2014]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.