People v McKinney (2018 NY Slip Op 04756)





People v McKinney


2018 NY Slip Op 04756


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-06551
 (Ind. No. 38/15)

[*1]The People of the State of New York, respondent,
v
William D. McKinney, also known as "Dollar Bill," appellant.


Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig S. Brown, J.), rendered May 25, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent because the allocution was factually insufficient is unpreserved for appellate review, since the defendant did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v Elting, 151 AD3d 739, 740; People v McKenzie, 98 AD3d 749, 750). Moreover, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666; People v Sanchez, 122 AD3d 646, 646; People v McKenzie, 98 AD3d at 750). In any event, the record establishes that the plea was entered into knowingly, voluntarily, and intelligently (see People v Etling, 151 AD3d at 740; People v McKenzie, 98 AD3d at 750; People v Mazzilli, 125 AD2d 602, 603).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712-713; People v Baldi, 54 NY2d 137, 147).
Although the defendant correctly contends that he should have been sentenced as a second violent felony offender rather than as a second felony offender, he is not adversely affected by that adjudication and it is not a basis upon which to withdraw his plea or have the sentence vacated (see CPL 470.15[1]; People v Hanyo, 103 AD3d 814, 814; see also People v Witherspoon, 100 AD3d 809, 809-810).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court