People v Sweat (2019 NY Slip Op 06807)





People v Sweat


2019 NY Slip Op 06807


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-11213

[*1]The People of the State of New York, respondent,
v
Shuron Sweat, appellant. (S.C.I. No. 213/17)


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 20, 2017, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]). The defendant's contention that his plea of guilty was involuntary because the allocution was factually insufficient is unpreserved for appellate review, since the defendant did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v McKinney, 162 AD3d 1073; People v Elting, 151 AD3d 739, 740; People v Sanchez, 122 AD3d 646). Moreover, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666; People v McKinney, 162 AD3d 1073). In any event, nothing in the record of the plea allocution called into question the voluntary, knowing, and intelligent nature of the defendant's plea (see People v Seeber, 4 NY3d 780, 781; People v Sanchez, 122 AD3d 646).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court