People v Tagiev (2020 NY Slip Op 20314)

People v Tagiev

2020 NY Slip Op 20314 [70 Misc 3d 47]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 10, 2021

[*1]

The People of the State of New York, Respondent,
v
Shamil Tagiev, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, November 20, 2020

APPEARANCES OF COUNSEL

Appellate Advocates (Jonathan Schoepp-Wong of counsel) for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Thomas M. Ross and Gamaliel Marrero of counsel), for respondent.

{**70 Misc 3d at 48} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is modified, as a matter of discretion in the interest of justice, by vacating so{**70 Misc 3d at 49} much of the sentence as imposed a fine; as so modified, the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with leaving the scene of an incident without reporting property damage (Vehicle and Traffic Law § 600 [1] [a]), operating a motor vehicle while under the influence of drugs (Vehicle and Traffic Law § 1192 [4]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). After waiving prosecution by information, defendant pleaded guilty to driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), which charge was deemed added to the accusatory instrument, and he was sentenced to 60 days' imprisonment (to run concurrently and nunc pro tunc to a sentence of 31/2 to 7 years that had been previously imposed on an unrelated felony conviction), a fine, a six-month license revocation, and a conditional discharge, the condition of which was to install and maintain an ignition interlock device (IID) for a period of one year.
Defendant contends that the Criminal Court lacked jurisdiction to accept a plea to driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), an uncharged unclassified misdemeanor (see Vehicle and Traffic Law § 1193 [1] [b] [i]), in satisfaction of, [*2]among others, the charge of operating a motor vehicle while under the influence of drugs, also an unclassified misdemeanor (see Vehicle and Traffic Law § 1193 [1] [b] [i]), because, notwithstanding that the two foregoing charges were of equal grade, the sentence for driving while intoxicated (common law), to which defendant pleaded guilty, requires the court to impose a harsher sentence than any that could have been imposed upon the charges set forth in the accusatory instrument. More specifically, in addition to a sentence of a fine of not less than $500 nor more than $1,000, or imprisonment for not more than one year, or both a fine and imprisonment (see Vehicle and Traffic Law § 1193 [1] [b] [i]), defendant's conviction of Vehicle and Traffic Law § 1192 (3) required the court to also impose a conditional discharge, a condition of which is to install and maintain an IID in any vehicle owned or operated by defendant (see Vehicle and Traffic Law § 1193 [1] [b] [ii]). Yet, a conviction of the charged offense of Vehicle and Traffic Law § 1192 (4), which also requires a sentence of a fine of not less than $500 nor more than $1,000, or imprisonment for not more than one year, or both a fine and imprisonment (see {**70 Misc 3d at 50}Vehicle and Traffic Law § 1193 [1] [b] [i]), or of any of the other counts with which defendant was charged, does not have that additional requirement (see Vehicle and Traffic Law §§ 509 [11]; 511 [1] [b]; 600 [1] [b]). We find defendant's contention to be without merit.
[1] There is no constitutional impediment to such a plea (see People v Keizer, 100 NY2d 114, 119 [2003]) and there is no statutory impediment because, when a defendant is charged with operating a motor vehicle while under the influence of drugs, the plea to driving while intoxicated (common law) in satisfaction thereof is statutorily authorized pursuant to Vehicle and Traffic Law § 1192 (10) (a) (i). There was also no impediment based upon existing common law. Despite defendant's contention that, regardless of the statutory classification of an offense, it is of a higher grade when it requires the court to impose a harsher sentence, this court has held that
"there is no impediment to a defendant pleading guilty to an uncharged offense in satisfaction of an equal grade offense that has been sufficiently pleaded in the accusatory instrument, even if that uncharged offense potentially subjects the defendant to a more severe sentence than could be imposed under the charged offense" (People v Perez, 64 Misc 3d 84, 91 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Consequently, the Criminal Court had jurisdiction to accept this plea.
Defendant's contentions pertaining to the validity of his guilty plea are not preserved for appellate review since he failed to move to withdraw the plea on the same grounds he now raises on appeal or to move to vacate the judgment of conviction. Nonetheless, regardless of whether any of these claims, raised for the first time on appeal, fall within one of the narrow exceptions to the preservation rule (see People v Delorbe, 35 NY3d 112 [2020]; People v Williams, 27 NY3d 212, 214 [2016]; People v Peque, 22 NY3d 168, 183 [2013]; People v Louree, 8 NY3d 541, 546 [2007]; People v Lopez, 71 NY2d 662, 666 [1988]), they are without merit.
With respect to defendant's contention that, since he stood accused of being impaired by drugs, he could not have been factually allocuted to driving while intoxicated, which proscribes only impairment by alcohol, we note that a factual basis for a plea is not a constitutional requirement (see People v {**70 Misc 3d at 51}  Darling, 125 AD3d 1279 [2015]; People v Winbush, 199 AD2d 447 [1993]) and, consequently, a defendant can plead guilty to a crime "for which there is no factual basis and even plead guilty to a hypothetical crime" (Keizer, 100 NY2d at 118 n 2). Accordingly, a plea of guilty will be sustained even in the complete absence of a factual [*3]recitation of the underlying circumstances of the offense where the defendant otherwise understands the nature of the charges and enters the plea voluntarily, as was demonstrated by the record herein (see People v Goldstein, 12 NY3d 295, 301 [2009]; People v Nixon, 21 NY2d 338, 350 [1967]; Winbush, 199 AD2d at 448; People v Ali, 66 Misc 3d 139[A], 2020 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
With respect to defendant's contention that, while the court did inform him of some of the rights that he was waiving by pleading guilty, it failed to inform him that he was waiving his right to a jury trial, the Court of Appeals has rejected the requirement that a court must enumerate all of the constitutional rights (see Boykin v Alabama, 395 US 238 [1969]) waived during the course of a plea allocution (see People v Pellegrino, 26 NY3d 1063 [2015]; People v Sougou, 26 NY3d 1052 [2015]).
Defendant next contends that, while the court informed him that his plea could result in negative immigration consequences, including deportation, it failed to specify that those consequences could also include the denial of naturalization and exclusion from admission to the United States, as required by CPL 220.50 (7), and, thus, his guilty plea was not knowingly entered. Assuming that a trial court even has a duty to provide a Peque warning when a defendant is pleading guilty to a misdemeanor (see Peque, 22 NY3d at 197 n 9; People v Jules, 60 Misc 3d 128[A], 2018 NY Slip Op 50938[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] ["In a footnote, the Court of Appeals in Peque left open the question as to whether Peque applies to misdemeanor pleas"]; People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] ["notwithstanding that the Court of Appeals has not determined whether Peque applies to misdemeanor pleas"]), the court fulfilled whatever duty it may have had, as it was only required to "provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he or she may be deported upon a guilty plea" (Peque, 22 NY3d at 197). While a court may recite the admonition{**70 Misc 3d at 52} contained in CPL 220.50 (7), it is not required to do so (see id.).
Therefore, reviewing the record "as a whole and the circumstances of the plea in its totality" (Sougou, 26 NY3d at 1055), there was an affirmative showing that defendant had entered his plea voluntarily and that he understood the consequences of his plea, as the record of the plea allocution reveals that the Criminal Court removed any doubt about his guilt and the voluntariness of his plea before it accepted it (see People v Conceicao, 26 NY3d 375, 379 [2015]; Lopez, 71 NY2d at 666). Consequently, the record as a whole affirmatively discloses that defendant entered his plea knowingly, voluntarily and intelligently, and, therefore, the plea was valid (see Conceicao, 26 NY3d at 382).
Additionally, defendant contends that the court had "advised" him that the fine would only be $300. Therefore, he argues that his guilty plea should be vacated because he had been misled regarding the amount of the fine, which violated his due process right to be sentenced as promised, thereby rendering his plea involuntary, or, in the alternative, that so much of the sentence as imposed the fine should be vacated as excessive. Contrary to defendant's contention, the record does not demonstrate that the court had "advised" defendant that the fine would be $300 prior to taking the plea and pronouncing sentence. In fact, the record demonstrates that at both the plea proceeding, conducted on November 4, 2016, and one of the proceedings preceding [*4]it, conducted on August 10, 2016, the prosecutor informed the court, with defendant present, that the negotiated plea agreement included a fine in the amount of $500. Consequently, defendant has failed to articulate a sufficient basis for vacating his plea.
However, what defendant may have been alluding to when he referred to being "advised" of a $300 fine was the fact that the court had actually pronounced a $300 fine as part of the sentence, which fact is confirmed by the sentencing transcript. A $300 fine is an illegal sentence pursuant to Vehicle and Traffic Law § 1193 (1) (b) (i), which requires a minimum fine of $500.[FN*] Additionally, the record demonstrates that, at the August 10, 2016 proceeding, the court twice asked the prosecutor{**70 Misc 3d at 53} whether, upon a conviction for driving while intoxicated (common law), the imposition of a fine is mandatory even if defendant is sentenced to imprisonment, to which the prosecutor, presumably relying upon his reading of Vehicle and Traffic Law § 1193 (1) (e), responded in the affirmative, asserting that a fine is a necessary adjunct to the requirement of imposing a conditional discharge for the purpose of ordering the installation and maintenance of an IID. However, contrary to the prosecutor's statement to the court, a fine need not be imposed upon a driving while intoxicated (common law) conviction and Vehicle and Traffic Law § 1193 (1) (e) does not provide otherwise.
[2] Under the Penal Law, which sentencing provisions generally apply to offenses committed outside of the Penal Law (see Penal Law § 60.00 [1]), a conditional discharge (or probation) is an alternative to imprisonment (see Penal Law §§ 60.01 [2] [a] [i]; 65.05 [1]; [65.00 (1)]) and, when imposed in lieu of imprisonment, it may, but need not, be accompanied by a fine (see Penal Law § 60.01 [2] [c]). However, when a defendant is convicted of driving while intoxicated (common law), in addition to imposing a fine and/or imprisonment under Vehicle and Traffic Law § 1193 (1) (b) (i), Vehicle and Traffic Law § 1193 (1) (b) (ii) further provides that, in any case, the court must also impose a conditional discharge (or probation), for the purpose of directing the defendant to install and maintain an IID in any motor vehicle owned or operated by such person during the term of the conditional discharge, in accordance with the provisions of Vehicle and Traffic Law § 1198. Notwithstanding the provisions of the Penal Law (which allows for a sentence of conditional discharge [or probation] standing alone as an alternative to imprisonment and without the absolute necessity of imposing a fine in addition thereto), we read Vehicle and Traffic Law § 1193 (1) (e) in conjunction with the other subdivisions of Vehicle and Traffic Law § 1193 to mean that a court shall not impose a sentence of conditional discharge (or probation) alone as an alternative to imprisonment unless such conditional discharge (or probation) is accompanied by a sentence of a fine, thereby modifying the provision in Penal Law § 60.01 (2) (c), which merely gives the court the option to impose an additional fine, but does not require it. However, if the court imposes the required conditional discharge under Vehicle and Traffic Law § 1193 (1) (b) (ii) not as an alternative to imprisonment but in addition to imprisonment under Vehicle and Traffic Law § 1193 {**70 Misc 3d at 54}(1) (b) (i), there is no requirement that the defendant also be [*5]sentenced to a fine (see generally Penal Law §§ 60.21, 60.36). Indeed, in People v Lewis (59 Misc 3d 141[A], 2018 NY Slip Op 50658[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), this court expressly held that, under Vehicle and Traffic Law § 1193, contrary to the prosecutor's "advisement" to the court in the instant case, it is not mandatory to impose a fine upon a conviction of driving while intoxicated (common law).
In our opinion, in view of the foregoing errors and misunderstandings that occurred in the Criminal Court, the fine, which the court pronounced as being in the amount of $300, cannot stand. However, rather than vacating the entire sentence and remitting the matter for resentencing (see People v Sparber, 10 NY3d 457 [2008]; Lewis, 2018 NY Slip Op 50658[U]; People v Barbieri, 36 Misc 3d 133[A], 2012 NY Slip Op 51322[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), as a matter of discretion in the interest of justice, we vacate so much of the sentence as imposed the fine.
Accordingly, the judgment of conviction is modified by vacating so much of the sentence as imposed the fine.
Aliotta, P.J., Weston and Toussaint, JJ., concur.

Footnotes

Footnote *:We note that the conditional discharge form and the return on appeal prepared following sentencing reflect the amount of the fine as being $500. Defendant concedes that the fine that was ultimately imposed was in the amount of $500, but he objects to that fine.