People v Arce-Ramirez (2021 NY Slip Op 50414(U))

[*1]

People v Arce-Ramirez (Jose)

2021 NY Slip Op 50414(U) [71 Misc 3d 135(A)]

Decided on May 7, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 7, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2331 Q CR

The People of the State of New York,
Respondent,
against
Jose Arce-Ramirez, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and William H. Branigan
of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Bruna DiBiase, J.), rendered October 3, 2018. The judgment convicted defendant, upon his plea
of guilty, of assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with strangulation in the second degree (Penal
Law § 121.12), assault in the third degree (Penal Law § 120.00 [1]), endangering the
welfare of a child (Penal Law § 260.10 [1]), attempted assault in the third degree (Penal
Law §§ 110.00, 120.00 [1]), and harassment in the second degree (Penal Law §
240.26 [1]). After several court conferences, defendant pleaded guilty to the added charge of
assault in the third degree (Penal Law § 120.00 [2]) in satisfaction of the accusatory
instrument. On appeal, defendant contends that "the felony charge remains open and [he] pleaded
guilty to something he was not charged with." Additionally, defendant contends that the record
does not establish that he knowingly, intelligently, and voluntarily waived his constitutional
rights at the plea proceeding.
Based upon the record before this court, the felony charge of strangulation in the second
degree was properly reduced (see CPL 180.50) to the misdemeanor charge of criminal
obstruction of breathing (Penal Law § 121.11 [a]), and the felony complaint was properly
converted to an information by notations appearing thereon (see CPL 180.50 [3] [a] [iii]).
The notations further indicated that the count of assault in the third degree, to which defendant
pleaded guilty, was properly added to the accusatory instrument (see CPL 100.45 [3]).
Consequently, contrary to defendant's contention, the felony charge did not remain open and he
did not plead guilty to a count with which he had not been charged.
Generally, a defendant must move to withdraw his guilty plea or vacate the judgment of
conviction to preserve a claim that the plea is invalid (see People v Conceicao, 26 NY3d
375, 381 [2015]). However, a narrow exception exists "where the particular circumstances of a
case reveal that a defendant had no actual or practical ability to object to an alleged error in the
taking of a plea that was clear from the face of the record" (id.; People v Louree,
8 NY3d 541, 546 [2007]). Here, defendant's claim is reviewable on direct appeal, despite the fact
that he did not move to withdraw his plea or vacate the judgment of conviction, as he faced a
practical inability to move to withdraw the plea because he was sentenced on the same date as the
plea proceeding (see People v Sougou, 26 NY3d 1052, 1054 [2015]; Conceicao,
26 NY3d at 382).
A guilty plea is not invalid solely because the trial court failed to inform a defendant of all of
the constitutional rights pursuant to Boykin v Alabama (395 US 238 [1969]) that were
being forfeited as a result of the plea (see People v Pellegrino, 26 NY3d 1063 [2015]).
Here, the record establishes that defendant was aware that he was waiving his right to have a
trial, his right to confront and cross-examine all witnesses against him, his right to testify or
remain silent, and his right to have the prosecutor prove the case against him beyond a reasonable
doubt. The record further demonstrates that defendant entered into the plea freely and voluntarily,
with the benefit of his counsel's guidance, that no one had forced him to do so, that he understood
that pleading guilty to a misdemeanor would add to his criminal record, and that he was pleading
guilty because he was, in fact, guilty. Despite defendant's contention to the contrary, a factual
basis for a plea is not a constitutional requirement (see People v Darling, 125 AD3d 1279 [2015]; People v
Winbush, 199 AD2d 447 [1993]) and, thus, a defendant can plead guilty to a crime "for
which there is no factual basis and even plead guilty to a hypothetical crime" (People v
Keizer, 100 NY2d 114, 118 n 2 [2003], citing People v Francis, 38 NY2d 150
[1975]). Consequently, a plea of guilty will be sustained even in the complete absence of a
factual recitation of the underlying circumstances of the offense where the defendant otherwise
understood the nature of the charges and entered the plea voluntarily, as is demonstrated by the
record herein (see Winbush, 199 AD2d at 448; People v Lowe, 149 AD2d 939
[1989]; People v Richardson, 114 AD2d 980 [1985]; People v Nance, 110 AD2d
857 [1985]). Moreover, here, because nothing that defendant said or failed to say in his
allocution negated any element of the offense to which he pleaded guilty or otherwise called into
question his admitted guilt or the voluntariness of his plea, and the court established that
defendant understood that he was pleading guilty to assault in the third degree, there is no basis
provided by defendant on appeal to vacate the plea (see People v Seeber, 4 NY3d 780 [2005]). Therefore, the totality of
the circumstances establishes a knowing, intelligent and voluntary plea (see People v
Sosa, 28 NY3d [*2]965, 966 [2016]; Conceicao, 26
NY3d at 384).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2021