People v Bolta (2021 NY Slip Op 50600(U))

[*1]

People v Bolta (Andy)

2021 NY Slip Op 50600(U) [72 Misc 3d 128(A)]

Decided on June 25, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570416/18

The People of the State of New York,
Respondent, 
against
Andy Bolta, Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from two judgments of the Criminal
Court of the City of New York, New York County (Richard M. Weinberg, J., at plea; Patricia M.
Nunez, J., at sentencing), rendered May 31, 2018, convicting him, upon his pleas of guilty, of
criminal possession of stolen property in the fifth degree and criminal contempt in the second
degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Richard M. Weinberg, J., at plea; Patricia M. Nunez, J., at
sentencing), rendered May 31, 2018, affirmed.
Defendant's challenge to his guilty plea under docket Number 2014NY015443 is
unpreserved, since he failed to make an appropriate postallocution motion or otherwise raise the
challenge in the plea court, despite ample opportunity to do so within the three years between his
guilty plea and sentencing (see People v
Laroche, 142 AD3d 872 [2016], lv denied 28 NY3d 1073 [2016]). We decline to
review this challenge in the interest of justice. As an alternative holding, we find that the plea
was knowing, intelligent and voluntary. The plea court's duty to inquire was not triggered by
defendant's postarrest statements that may have suggested a possible defense to the possession of
stolen property charge to which he pleaded guilty, since defendant "did not reiterate those
statements at [the] plea allocution" (People v Martorell, 88 AD3d 485 [2011], lv denied 18
NY3d 926 [2012][internal citation omitted]; see also People v Sosa, 172 AD3d 432, 433 [2019]). 
We also find unavailing defendant's challenge to the facial sufficiency of the accusatory
instrument under docket number 2014NY067707. While it is not disputed that the criminal
contempt charge was jurisdictionally defective (see People v Hardy, 35 NY3d 466 [2020]), defendant's guilty plea
was valid because the accusatory instrument also contained "an equal grade offense properly
pleaded" (People v Thiam, 34 NY3d
1040, 1049 [2019, DiFiore, Ch. J., concurring]; see People v Tagiev, 70 Misc 3d 47 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]). In this regard, and in view of defendant's knowing waiver of the
right to prosecution by [*2]information (see People v Dumay, 23 NY3d
518, 522 [2014]), the factual allegations were sufficient to establish reasonable cause to
believe that defendant was guilty of the charged offense of unlawful imprisonment in the second
degree (see Penal Law § 135.05). The instrument recites that when defendant went
to the complainant's apartment on September 2, 2014, the complainant stated that he would call
the police. When complainant went into his bedroom, defendant shut the door to that room and
refused to let complainant out, causing complainant to fear for his physical safety (see People v Jordan, 43 Misc 3d
1210[A], 2014 NY Slip Op 50568[U] [Crim Ct, NY County 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concurI concurI concur
Decision Date: June 25, 2021