People v Then (2021 NY Slip Op 51267(U))

[*1]

People v Then (Raudelvin)

2021 NY Slip Op 51267(U) [73 Misc 3d 147(A)]

Decided on December 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570919/18

The People of the State of New York,
Respondent,
against
Raudelvin Then, Defendant-Appellant.

In consolidated appeals, defendant, as limited by his briefs, appeals from two judgments of
the Criminal Court of the City of New York, Bronx County (Marsha D. Michael, J.), each
rendered September 7, 2018, convicting him, upon his pleas of guilty, of two counts of criminal
tampering in the second degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Marsha D. Michael, J.), rendered September 7, 2018, modified, as
a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge
and the crime victim assistance fee, and otherwise affirmed.
In each of the four accusatory instruments at issue, defendant was charged with various
offenses, including possession of burglar's tools, based upon allegations that he engaged in acts
of "mailbox fishing," i.e. utilizing a device to illegally remove items of mail from a mailbox (see e.g. People v Deleon, 34 NY3d
965, 966-967 [2019]). As part of a global resolution of these prosecutions, defendant
pleaded guilty to two added counts of criminal tampering in the second degree (see Penal
Law § 145.15) and two added counts of disorderly conduct. On appeal, defendant contends
that his guilty pleas to the added charges of second-degree criminal tampering under docket
numbers 2016BX051600 and 2016BX055724 are invalid because second-degree criminal
tampering was never charged and does not constitute a lesser included offense to the charged
crimes. This contention is unavailing.
Although tampering was not initially charged, during the plea colloquy, the parties set forth
their agreement that defendant would plead guilty to "added charges," including second-degree
criminal tampering. This agreement, accepted by the court, constituted an amendment of the
accusatory instruments to add the additional counts in accordance with CPL 100.45(3), which
provides, in relevant part: "At any time before the entry of a plea of guilty ... the court may, upon
application of the people and with notice to the defendant and opportunity to be heard, order the
amendment of the accusatory part of such information by addition of a count charging an offense
supported by the allegations of the factual part of such information" (see People v Harper,
37 [*2]NY2d 96, 99-100 [1975]). Here, the two added tampering
charges were supported by the factual allegations in the accusatory instruments at issue, namely,
that defendant removed items of mail from U.S. Postal Service mailboxes by inserting a device (a
string attached to an item covered in a sticky substance). Criminal tampering in the second
degree (see Penal Law § 145.15), punishes one who, inter alia, tampers with
property of a common carrier, without any right to do so. 
Furthermore, even in the absence of any amendment to the accusatory instrument,
defendant's guilty pleas to the class A misdemeanor of second-degree tampering were valid
because both accusatory instruments contained "an equal grade offense properly pleaded" (see People v Thiam, 34 NY3d
1040, 1049 [2019, DiFiore, Ch. J., concurring]), namely the class A misdemeanor of
possession of burglar's tools (see Penal Law § 140.35). "[T]here is no impediment to
a defendant pleading guilty to an uncharged offense in satisfaction of an equal grade offense that
has been sufficiently pleaded in the accusatory instrument" (People v Tagiev, 70 Misc 3d 47 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020], lv denied 37 NY3d 960 [2021]).
In any event, even if we were to conclude that defendant is entitled to vacatur of his pleas, he
expressly declines that remedy, requesting instead an outright dismissal, which we find
unwarranted, given defendant's repeated conduct and pattern in the underlying incidents. 
As consented to by the People, we modify the judgments by vacating the surcharges and fees
imposed on the defendant at sentencing (see People v Chirinos, 190 AD3d 434 [2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 29, 2021