People v Tovar (2023 NY Slip Op 50375(U))

[*1]

People v Tovar (Virgilio)

2023 NY Slip Op 50375(U)

Decided on April 25, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570154/19

The People of the State of New York, Respondent,
against
Virgilio Tovar, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James G. Clynes, J. at plea; Herbert J. Moses, J., at sentencing), rendered on November 14, 2018, convicting him, upon his plea of guilty, of forcible touching, and imposing sentence.

Per Curiam.
Judgment of conviction (James G. Clynes, J. at plea; Herbert J. Moses, J. at sentencing), rendered on November 14, 2018, affirmed.
We find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument. Even accepting defendant's contention that the Penal Law § 130.52(1) forcible touching charge to which he pleaded was defective for failing to satisfy the "forcible" component of the crime (see People v Zaragoza, 195 AD3d 522 [2021]), the accusatory instrument was jurisdictionally sufficient to support his plea because it contained an equal grade offense properly pleaded (People v Thiam, 34 NY3d 1040, 1049 [2019]; People v Then, 73 Misc 3d 147[A], 2021 NY Slip Op 51267[U] [App Term, 1st Dept 2021], lv denied 38 NY3d 954 [2022]), namely the class A misdemeanor of forcible touching pursuant to Penal Law § 130.52(2). 
Subdivision 2 of Penal Law § 130.52 provides that a person is guilty of forcible touching when he, with the requisite purpose and intent, subjects another person to "sexual contact," a term defined as "any touching" of the sexual or intimate parts of a person (Penal Law § 130.00[3]), while such person is a passenger on a bus train or subway car. Here, the information stated that while riding on a Metro-North train heading to Manhattan, the complainant "fell asleep and awoke when [she] felt" defendant, who was seated next to her, "put his hand in between her legs" and touch her "inner left thigh on two occasions" without her consent. Given defendant's waiver of prosecution by information (see People v Dumay, 23 NY3d 518, 522 [2014]), these allegations were sufficient to provide reasonable cause to believe that defendant "subject[ed] another person to sexual contact ... while such other person [was] a passenger on a [*2]... train" (Penal Law § 130.52[2]). Defendant's "purpose of gratifying [his] sexual desire and ... intent to degrade or abuse" the victim (id.) is reasonably inferred from his conduct and the surrounding circumstances, including the intimate nature of the act done without complainant's consent on a passenger train, and the humiliation evoked by such conduct (see People v Hatton, 26 NY3d 364, 370-371 [2015]).
Contrary to defendant's contention, complainant's identification of defendant as the perpetrator was based upon her personal observation of defendant and was nonconclusory. Any further challenge to the identification of defendant was a matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]; People v Gonzalez, 76 Misc 3d 130[A], 2022 NY Slip Op 50880[U] [App Term, 1st Dept 2022], lv denied 39NY3d 1078[2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 25, 2023